## Russell Linsley v. Robert P. Sinclair and others.

*Statute construed: Fraud: Trust.* Our statute (*Comp. L.*, § 2637), providing that no trust shall result in favor of the party furnishing the consideration for a purchase in the name of another, does not apply to a conveyance obtained by fraud.

*Attorney and client: Trust: Consent: Fraud.* Where an attorney is employed to purchase tax-titles and other outstanding claims against his client's lands to strengthen the title, which is defective of record, the client furnishing the means, and such purchases are made, at the suggestion of the attorney, in his own name, a conveyance by the attorney, in violation of the professional confidence reposed in him, to a third person, will not be protected by said statute.

The consent, that the conveyances should be taken in the attorney's name, having been obtained by him, by means of the confidence reposed in him as an attorney, for the fraudulent purpose of appropriation, was void; and the case comes within the terms of § 2639, *Comp. L.*, which excepts from the provision of the previous section, cases where the alienee named in the conveyance has taken the same as an absolute conveyance in his own name without the knowledge or consent of the person paying the consideration, and where the alienee in violation of some trust has purchased the lands with moneys belonging to another.

*Heard January 10.    Decided April 3.*

Appeal in Chancery from Kent Circuit.

This bill was filed by Russell Linsley against Robert P. Sinclair, Jane S. Hull and Thomas McConnell. The defendants Hull and Sinclair answered, and the bill was taken as confessed by said McConnell. Proofs were taken, and on the hearing a decree was rendered for complainant, from which defendant Sinclair appeals.

*Jacob Ferris*, for complainant.

*J. W. Ransom*, for defendant Sinclair.

COOLEY, J.

The case made by the bill in this suit is the following: A man of limited means and evidently without experience in business matters, having purchased a piece of land, the title to which proves to be defective of record, applies to an attorney who is in the habit of bidding at tax sales to bid the same in for him as his agent, at the sale thereof, for delinquent taxes, by way of strengthening his title. The attorney consents, and the land is so bid in for two years. The attorney then suggests that subsequent purchases had better be made in his own name, in order that when he deeds over to his employer, the latter will have an apparent title from an additional source. This the principal assents to, and several such purchases are made, the employer furnishing the means. Two outstanding claims to the land are also bought in by the attorney in his own name, at nominal prices, on the same suggestion, and under the same arrangement. After by these means obtaining an apparent title to the land, the attorney asserts a complete right in himself, repudiates and denies the arrangement and sells the land. The bill is filed against him and his vendee to establish a trust in favor of complainant, who is the

assignee of the attorney's employer, and to compel a conveyance of the land in fulfillment of the original understanding.

The case was heard in the court below on bill, answer and proofs, and a decree entered as prayed. From this decree the principal defendant has appealed.

On examination of the record, we think the court below was justified in coming to the conclusion that the appellant procured the title to the land in question for the fraudulent purpose of appropriating the same to his own use in violation of the confidence reposed in him. The land, therefore, in equity, belongs to the complainant, and we have only to see whether the rules of law will permit this equity to be enforced. Conceding the facts to be as found, it is admitted by the appellant that the case is one where a trust might have resulted in favor of the party advancing the money to buy the land, were there no statute precluding it. Our statute, however (*Comp. L.,* § *2637*), declares that no trust shall result in favor of the party furnishing the consideration for a purchase in the name of another; and this is relied upon as an effectual bar to the present suit. But this statute, in our opinion, has no such sweeping effect as supposed. Another section expressly excepts the cases where the alienee named in the conveyance, shall have taken the same as an absolute conveyance in his own name without the knowledge or consent of the person paying the consideration, and that also where the alienee, in violation of some trust, shall have purchased the lands so conveyed with moneys belonging to another.—§ *2639*. If the consent that the several conveyances should be taken in the name of the appellant was obtained by him for the fraudulent purpose of appropriation, and by means of the trust and confidence reposed in him as an attorney, the consent in law was void, and the statute can afford no pro-

tection to the appellant in the violation of the professional trust. The case, therefore, may well be held to be within the terms of the section last quoted. It is not necessary, however, under the facts here disclosed, to rely upon the saving provisions of any statute; for a conveyance obtained by fraud, can never be accepted as a shield of defense against the equitable claim of the party defrauded. We are of opinion that the decree of the circuit court in chancery was correct, and it must be affirmed, with costs.

The other Justices concurred.