## Lucia M. L. Ransom v. Charles A. Ransom and another.

*Resulting trusts: Means invested without the owner's consent in lands in another's name.* Where the means of the complainant have been invested in lands, and a deed taken, without her knowledge or consent, and in violation of her rights, in the names of her step-children, her equity to demand a conveyance is not affected by the statute abolishing resulting trusts.

*Deed procured by fraud: Equities: Presumptions: Loans: Proofs.* Complainant's husband, without her assent or knowledge, consented to receive in satisfaction of a mortgage belonging to her and entrusted to him for collection, a conveyance of certain lands, and instead of having the deed made to her, had it made to his children by a former marriage; the transaction coming to her knowledge afterwards, she expressed her dissatisfaction, and the husband said it could be rectified afterwards; she took and retained possession of the deed, which was never delivered to the grantees; but, after the death of the husband, the grantees procure a second deed from the grantor, and claim to hold the land under it. In a suit in equity to require a conveyance to complainant from her said step-children, where the fact of the land having been purchased with complainant's means is not disputed, and the defense set up is an arrangement made with her knowledge and consent, that her means should be invested in the land substantially as a loan to defendants, to be repaid with interest when they should see fit to repay it:—

*Held,* That the defendants were called upon to overcome presumptions which were strong against them on the admitted facts, from the absence of any writings indicating a loan, though the amount was a large proportion of complainant's means, and of any time being fixed within which payment should be made, and of any payment of interest; and that the proofs did not sustain their defense.

*Heard January 28. Decided January 29.*

Appeal in Chancery from Kalamazoo Circuit.

RANSOM *v.* RANSOM.

*Arthur Brown*, and *H. F. Severens*, for complainant.

*M. J. Smiley*, for defendants.

COOLEY, J.

The bill in this case was filed to procure a conveyance from the defendants, of the title claimed by them to a certain farm in the county of Kalamazoo. The case made by it is, that in the year 1861, complainant entrusted to her husband, Fletcher Ransom, for collection, a mortgage owned by her against the estate of one Bowker, and that he, without her consent or knowledge, consented to receive therefor a conveyance of the farm in question, but instead of having it made to her, took it to these defendants, who are the husband's children by a former marriage. Complainant avers that when the transaction came to her knowledge she expressed her dissatisfaction with the deed being made to the sons, and her husband said it could be rectified thereafter; that she took and retained possession of the deed, which was never delivered to the grantees, but that after the death of her husband, which took place in 1867, the defendants procured a second deed from the grantor, and now claim to hold the land under it. The fact of the land having been purchased with the means of the complainant is not disputed by the defendants, but they insist that the original arrangement was made with her knowledge and consent, and that her means invested in the land were really a loan to them to be repaid with interest when they should be ready to pay her.

The evidence is voluminous and exceedingly contradictory. We must say, however, that in our opinion all the probabilities favor the complainant's case, and as the land was unquestionably purchased with her means, and she has never been compensated therefor, the defendants were called upon to overcome presumptions which were strong against them on the admitted facts. It is not to be supposed that if the parties understood the arrangement to be a loan the

evidences of it would have been left wholly without writing, or that such a loan would be made of a sum consisting of a very large proportion of complainant's means, without some time fixed within which payment should be made. Such an arrangement is certainly possible, but it is so opposed to the customary methods of doing business, that a man of reasonable intelligence, as the husband seems to have been, if acting in good faith, would not be likely to make it; and complainant would be still less likely to put herself into the hands of step-children on an understanding of this nature, wholly indefinite in time, and resting wholly in the recollection of witnesses for its proof. And the fact that no interest was ever paid to complainant, furnishes evidence in the same direction. On the other hand, complainant, on getting the deed into her own hands, might well believe she could protect herself against a conveyance the consideration of which had been furnished by herself, and which had failed to transfer the title to the grantees named, because not delivered.

It is unnecessary to enter upon an examination of the testimony, and impossible to reconcile it. We think the material facts in complainant's case are made out, and not satisfactorily disproved. The legal points made for the defense have no application when we find from the evidence, as we do, that complainant is not shown to have assented to the conveyance being made to the sons, but that the land was procured with her means, and taken in their names, in violation of her rights.—*Linsley v. Sinclair, 24 Mich., 380.*

The decree should be reversed, and decree entered as prayed, with costs of both courts.

GRAVES, Ch. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.